Opinion of the court.

[No. 3842.]

## V. G. JAMES v. THE STATE.

"LOCAL OPTION" LAW.—The "local option" law requires that the clerk of the county court shall post, or cause to be posted, at least five copies of the order for an election to prohibit the sale of intoxicating liquors under the said law, at different public places in the locality to be affected, for at least twenty days before the day of election. In the absence of proof to the contrary the presumption would obtain that the clerk completely discharged the duty thus imposed upon him. Such presumption, however, is overcome by proof that the clerk placed the said copies "in the hands of good men to be posted up." The delivery of the copies to "good men" is not a posting of the same within the meaning of the law, nor can the courts presume that "good men" posted notices when they were under no legal obligation to do so.

APPEAL from the County Court of Lamar. Tried below before the Hon. M. J. Hathaway, County Judge.

The conviction in this case was for the violation of the local option law. The penalty imposed by the verdict was a fine of two hundred dollars.

*D. K. Fooshee*, and *Hodges & Allen*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

HURT, JUDGE. This is a conviction for violating the local option law.

There is but one question we desire to discuss. The law requires that the clerk shall post, or cause to be posted, at least five copies of the order for the election at different public places in each county, justice's precinct, town or city, in which such election shall be held, for at least twenty days prior to the day of election.

Nothing appearing to the contrary, we will presume that the clerk did his duty and posted or caused to be posted these notices as the law directs. But this presumption obtains in the absence of proof to the contrary. In this case the clerk did not post the notices, but the evidence shows that he issued them and placed them in the hands of "good men" to be posted up. There is no

evidence showing that in fact they were posted. The question is, can we presume that these "good men" posted the notices? The law did not make it their duty, and hence there is no ground upon which to base the presumption that they in fact did post the notices.

In the absence of proof to the contrary, we would presume that the clerk obeyed the law—performed his official duty—but when the proof shows that he did not, we know of no rule of law authorizing us, or the court below, to presume that persons resting under no legal obligation to do a thing did actually per- form the act.

For the reason above given the judgment is reversed and the cause remanded.

*Reversed and remanded.*